Argued 17 January, decided 29 January, 1907.

## SEARS *v.* MULTNOMAH COUNTY.

88 Pac. 522.

STATUTES—EMERGENCY CLAUSE—CONSTRUCTION OF REFERENDUM AMENDMENT TO STATE CONSTITUTION.

The initiative and referendum amendment of 1902 to Section 1 of Article IV of the Constitution of Oregon, reserving to the people the right to reject any act of the legislature, "except as to laws necessary for the

immediate preservation of the public peace, health or safety," must be read in connection with and as a part of Section 28 of the same article, providing that no act sha'l take effect until ninety days from the end of the session at which it was passed, except in case of an emergency, which must be declared in the act, the effect of which is that only those acts can immediately go into effect that are declared by the legislature in the act itself to be necessary for the immediate preservation of · the public peace, health or safety.

The act of 1903, granting to a certain class of circuit judges an increased salary, passed with an emergency clause reciting that whereas the compensation of certain judges was inadequate an emergency was declared, and the act should take effect on its approval (Laws Sp. Sess. 1903, p. 14——, § 2), did not take effect on its approval by the governor, since the emergency clause did not declare the act to be necessary for the immediate preservation of the public peace, health or safety, as required by the constitutional amendment of 1902.

From Multnomah: THOMAS A. McBRIDE, Judge.

Statement by MR. JUSTICE EAKIN.

This is an action brought by Alfred F. Sears, Jr., against Multnomah County to recover an amount of salary as circuit judge, claimed to be due from December 24, 1903, to January 31, 1904, under Section 2926 of B. & C. Comp., as amended December 24, 1903 (Laws Sp. Sess. 1903, p. 14), granting to certain circuit judges $1,000 per annum additional salary to be paid by the county, this being salary for part of the time prior to the expiration of 90 days after the adjournment of the legislature. Appellant is contesting the payment thereof for the reason that the act providing for the salary contains no sufficient emergency clause to become effective from the date of its approval. A demurrer to this complaint was filed and overruled by the court, and judgment rendered for the respondent for want of an answer, from which judgment this appeal is taken.

The case was submitted on briefs under the proviso of Rule 16: 36 Or. 587, 600.                                 REVERSED.

For appellant there was a brief over the name of *Williams, Wood & Linthicum.*

For respondent there was a brief over the name of *Charles Henry Carey.*

MR. JUSTICE EAKIN delivered the opinion of the court.

There is practically but one question involved here. That is

whether the emergency clause in the amendment of Section 2926, B. & C. Comp., approved December 24, 1903 (Sp. Laws 1903, p. 14), is such as to render the law effective from that date. The emergency clause of that act reads as follows, viz.:

"Whereas, the compensation of judges in judicial districts composed of one county only, is, under the present law, inadequate, an emergency is declared, and this act shall take effect upon its approval by the Governor."

This emergency clause in the amendment of Section 2926 was evidently intended as a compliance with the requirements of Section 28 of Article IV of the constitution, and is sufficient under that section if it is not affected by the amendment of Section 1 of that article, adopted June 2, 1902, which provides, among other things:

"The people reserve to themselves * * power at their own option to approve or reject at the polls any act of the legislative assembly. * * The second power is the referendum, and it may be ordered (except as to laws necessary for the immediate preservation of the public peace, health or safety), either by petition, etc.

"Referendum petitions shall be filed with the Secretary of State not more than ninety days after the final adjournment of the session of the legislative assembly."

This court, in *Kadderly* v. *Portland,* 44 Or. 118, 147 (74 Pac. 720), in speaking of the exception made in the amendment of Section 1 of Article IV of the constitution, namely, laws "necessary for the immediate preservation of the public peace, health or safety," say that the legislature might put them in operation through an emergency clause as provided by Section 28 of Article IV of the constitution or allow them to become laws without an emergency clause, the necessity or expediency of either course being matter for its exclusive determination, but "as to all other laws the amendment applies, and they cannot be made to go into operation for 90 days after the adjournment of the session at which they were adopted, or until after approval by the people, if the referendum is invoked." Counsel for respondent claims that the decision of this point was not an

essential one in the Kadderly Case, questions its correctness, and seeks to have it re-examined by the court at this time.

It is claimed by the appellant that the emergency clause that will authorize an act to take effect upon its approval must be such an emergency as comes within the exception contained in the amendment of said Section 1 above quoted. Respondent claims that this amendment of Section 1 does not affect Section 28 of Article IV, and that the legislature may still give immediate effect to any act, by the terms of Section 28, to which it applied previous to the amendment of Section 1. We think that to put such a construction upon the amendment of Section 1 would violate its true purpose and intent. Respondent relies upon *State* v. *Bacon*, 14 S. D. 403 (85 N. W. 605), which, in passing upon a similar constitutional provision, holds, in effect, that the amendment of Section 1 of Article IV should have read into it Section 28 of that article, viz., that the exception in that amendment of 1902 of Section 1 of Article IV should be interpreted as though it read: "Except as to laws necessary for the immediate preservation of the public peace, health or safety, and except also such laws as are passed with an emergency clause as provided in Section 28." We cannot give our consent to this construction of the amendment, but rather hold that the exception in the amendment should be read into Section 28 of Article IV. Otherwise the reservation in the amendment that "the people reserve power at their own option to approve or reject at the polls any act of the legislative assembly" would be rendered futile. Thus, instead of leaning "in favor of that construction which will render every word operative," as suggested in the case of *State* v. *Bacon,* the effect would be to make the amendment idle and nugatory. We believe the amendment makes its own exceptions, and, if those conflict with Section 28 of Article IV, they will constitute a limitation upon it to that extent.

That an act may take effect under a general emergency clause, and yet be subject to the referendum, is clearly contrary to the intent of the amendment, and would produce disastrous results. The clause in the amendment which reads,

"Any measure referred to the people shall take effect and become the law when it is approved by a majority of the votes cast thereon, and not otherwise,"
clearly means that a law upon which the referendum is invoked cannot take effect prior to its approval by the vote; and consequently no act that is subject to the referendum can be made to go into operation for 90 days after the adjournment of the session or its approval by vote.

Therefore we conclude that if the act comes within the amendment of Section 1 of Article IV of the constitution, and the legislature desires to have it take effect upon its approval, it must so declare, and set it forth in the preamble or body of the act, and, as the emergency clause contained in this act does not pretend to bring it within the exception of the amendment of Section 1 of Article IV, it cannot operate to give it immediate effect, and therefore it became effective 90 days from the approval thereof by the Governor, and the demurrer to the complaint should have been sustained.

It follows from these considerations that the judgment should be reversed, and it is so ordered.          REVERSED.