Argued Nov. 2, decided Dec. 5, 1911.    Rehearing denied Dec. 12, 1911.

## BARTON v. RECORDER'S COURT OF VALE.

[119 Pac. 349.]

MUNICIPAL CORPORATIONS—ORDINANCES—VALIDITY.

1. An emergency clause in an ordinance, declaring an emergency and providing that the ordinance shall be in force from and after its approval by the mayor, affects only the time the ordinance shall go into operation, and its invalidity does not render the ordinance void, and one violating the ordinance after it took effect without an emergency clause may not attack the ordinance on the ground of the invalidity of the emergency clause.

MUNICIPAL CORPORATIONS—ORDINANCES—VALIDITY—RIGHT TO QUESTION.

2. One charged with a violation of an ordinance prohibiting the sale of intoxicating liquors without a license may not question the validity of other parts of the ordinance creating a monopoly in the liquor traffic by placing the business in the hands of one person.

MUNICIPAL CORPORATIONS—ORDINANCES—PARTIAL INVALIDITY.

3. Valid provisions of an ordinance forbidding the sale of intoxicating liquors without a license are not affected by invalid provisions placing the liquor business in the hands of one person.

MUNICIPAL CORPORATIONS — ORDINANCES — PASSAGE — APPROVAL BY ACTING MAYOR.

4. An ordinance regularly passed by the council of a city while the mayor thereof was absent, and approved by the president of the council empowered by the charter (Laws 1905, p. 133, § 36) to perform the duties of the mayor in his absence, becomes a binding law 30 days after its approval.

From Malheur:   DALTON BIGGS, Judge.

This is a proceeding by writ of review to review a judgment of the City Recorder's Court of Vale, Oregon, in which plaintiff, T. A. Barton, was found guilty of selling intoxicating liquors without first having obtained a license so to do.  From a judgment of the circuit court denying the relief prayed for in his application for review, plaintiff appeals.                               AFFIRMED.

For appellant there was a brief over the names of *Messrs. Brooke & Tomlinson,* and *Mr. George W. Hayes,* with an oral argument by *Mr. Hayes.*

For respondents there was a brief over the names of *Messrs. McCulloch, Soliss & Duncan,* with an oral argument by *Mr. Robert M. Duncan.*

Opinion by MR. CHIEF JUSTICE EAKIN.

This is an appeal from a judgment of the circuit court in a proceeding to review a judgment of the recorder's court of the city of Vale, Oregon, wherein plaintiff was found guilty of selling intoxicating liquors within the city, without having obtained a license therefor.

It appears that prior to the general election of 1910 the sale of intoxicating liquors was prohibited within the city of Vale, and the result of that election was against prohibition; that, the city being without an ordinance governing the subject of the sale of intoxicating liquors, the common council on December 15, 1910, for the purpose of perfecting some plan by which the council could dispose of licenses for the sale of, and the traffic in, intoxicating liquors, adopted a resolution that the council proceed at once to receive open competitive bids for liquor licenses for the ensuing two years and award a license to the best bidder, reserving the right to reject any and all bids. Thereupon there was introduced by Councilman H. H. High an ordinance covering the liquor question which was read before the council. The council then adjourned until 7:30 o'clock p. m. of the same day, at which time the mayor announced that the council was ready to receive bids, and Mr. Thomas bid $5,000, which bid was accepted. Thereupon the rules were suspended and the ordinance above referred to was passed. The ordinance fixed $5,000 per annum as the price for liquor license in the city of Vale.

The foregoing is all that is disclosed in the record as to the ordinance or its terms. It was not approved by the mayor nor vetoed until at least after the 19th of December, 1910. As disclosed by the record, the council on December 19, 1910, met, pursuant to the call of H. H. High, president of the council, who was acting as mayor, Mayor Clark being absent from the city, and stated that the object of the meeting was to consider, pass, or reject an ordinance regulating the sale of intoxicating liquors and to grant a license for the sale of the same in the north precinct of the city of Vale. After the ordinance was read before the council, which had been submitted to it at a previous meeting by Councilman H. P. Osborne, some changes and amendments were made, and it was passed and approved by the acting mayor. A copy of the ordinance appears in the record, and is referred to therein as Ordinance No. 68. On December 27, 1910, Mayor Clark filed with the recorder a message to the council vetoing Ordinance No. 68, referring to the one passed December 15, 1910.

Section 1 of Ordinance No. 68, being the one passed on December 19th, provides:

"That no person, firm or corporation, shall within the corporate limits of the city of Vale, directly or indirectly, in person or by another, sell, barter, exchange, deliver, or give away, with the purpose of evading this ordinance, * * any spirituous, malt or vinous liquors, without first obtaining a license therefor, as hereinafter provided in this ordinance."

And it proceeds to provide for the issuing of licenses under certain circumstances and conditions; how a saloon shall be conducted and requiring a bond for the faithful performance of the terms of the ordinance; and provides penalties for violation of any of the provisions of the ordinance, and that the license shall be issued for the term of two years.

The assignments of error involve four questions:

1. First, it is contended that the ordinance is void because it contains a clause declaring an emergency and providing that the ordinance shall be in force from and after it is approved by the mayor. Whether an emergency clause in a statute is valid or not affects only the time it shall go into operation, and if invalid does not render the statute void. This is the effect of the holding in *Sears* v. *Multnomah County*, 49 Or. 42 (88 Pac. 522), and the defendant's violation of the ordinance occurred long after it would have taken effect without an emergency clause. Therefore that objection is without merit.

2. The second question is whether the ordinance creates a monopoly of the liquor traffic in Vale, and is thereby rendered void. The petitioner is not in a position to raise that question. There is no controversy here as to his right to a license. He was charged with the violation of the ordinance in selling liquor within the city without a license, and he can only question the validity of that provision of the ordinance which prohibits the sale without a license.

3. The third question is whether the ordinance as a whole is void, because it creates a monopoly. If that provision of the ordinance is void, it does not thereby render void the independent portions thereof that are not void in themselves.

In *State* v. *Wiley*, 4 Or. 184, 187, Mr. Justice McARTHUR quotes with approval from Mr. Sedgwick as follows:

"The principle that a statute is void, only so far as its provisions are repugnant to the constitution, that one provision may thus be void and this not affect other provisions of the statute, has been frequently decided."

And quoting from *Fisher* v. *McGirr*, 1 Gray (Mass.) 22 (61 Am. Dec. 381), he says:

"That where a statute has been passed by the Legislature under all the forms and sanctions requisite to the

making of laws, some part of which is not within the competency of the legislative power, or is repugnant to any provision of the constitution, such part thereof will be adjudged void and of no avail, whilst all other parts of the act not obnoxious to the same objection will be held valid and have the force of law."

MR. JUSTICE BURNETT, in *Fleischner* v. *Chadwick*, 5 Or. 152, quotes with approval from *Commonwealth* v. *Hitchings,* 5 Gray (Mass.) 485:

"That where part of a statute is unconstitutional, that will not authorize the court to declare the remainder of the statute void, unless all the provisions are connected in subject-matter, depending on each other, operating together for the same purpose, or otherwise so connected in meaning that it cannot be presumed that the Legislature would have passed one without the other."

Section 1 of the ordinance forbids the sale or barter of intoxicating liquors without first having obtained a license therefor, and Section 9 provides for the punishment of every person who violates the provisions of Section 1. These sections are valid and enforceable, independently of whether the provisions, placing the liquor business in the hands one  person, are valid, and which we deem is unnecessary to decide here.

4. As to the fourth objection, that the ordinance is invalid by reason of the veto of Mayor Clark, it appears that Mayor Clark was out of the city on December 19th. How long he had been away or remained away does not appear. It does appear that the president of the council was properly acting as mayor when Ordinance No. 68 was passed and approved by him. By section 36 of the charter (Laws 1905, p. 133) the president of the council, in the absence of the mayor, has the power to perform all the duties of the mayor. Therefore in approving Ordinance No. 68 he was acting within that power. Mayor Clark did not attempt to veto the ordinance passed December 19th. The affidavit of the city recorder states that the message

of the mayor vetoed the ordinance passed by the council on the 15th day of December, 1910, and it is not contended by either plaintiff or defendant that that ordinance ever became a law, and therefore it has no bearing upon the issue here. So far as the record discloses, the ordinance passed December 19th was regularly passed, and was approved by the acting mayor, and became a law 30 days after its approval, viz., January 19, 1911.

We find no error in the ruling of the circuit court, and the judgment is affirmed.          AFFIRMED.