## City of Williamsburg v. First National Bank of Williamsburg, et al.

(Decided December 4, 1925.)

### Appeal from Whitley Circuit Court.

1. Municipal Corporations—As to Taxes Due Before Statute Prescribing Maximum Rate Took Effect, Bank could Not Claim Benefit of Rate Specified in Such Statute.—A bank against the shares of which a city of the fourth class imposed a tax at a certain rate, could not claim the lower maximum rate fixed by Acts 1924, chapter 117, page 415, where the taxes imposed pursuant to Ky. Stats., sections 3533, 3535, 3536, 3542, 3543, became due before such statute went into effect.

2. Municipal Corporations—Amendment to Constitution Justified Statute Limiting Municipal Rate of Taxation on Certain Property.—The amendment to Constitution, section 171, justified the enactment of Acts 1924, c. 117, p. 415, which establishes the maximum taxation on certain classes of propertyx.

W. R. HENRY for appellant.

HENRY C. GILLIS, STEPHENS & STEELY and A. T. SILER for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The three appellees are banking institutions engaged in business in the city of Williamsburg, Kentucky. They

seek by this equity action, filed in the Whitley circuit court against the city of Williamsburg, a city of the fourth class, to enjoin defendant from collecting from either of them in the year 1924, taxes on their shares of stock at any greater rate than 20 cents on the $100.00 of its fair cash value, which was the maximum rate for municipal taxation on such property fixed by chapter 117, page 415, Acts of 1924. It was not alleged in the petition what the municipal rate of taxation was prior to the taking effect of the 1924 act so limiting the rate of municipal taxes on such property, but whatever it was the plaintiffs averred that the maximum rate of twenty cents contained in the act referred to superseded the prior larger rate, and in satisfaction of their municipal taxes due defendant for the year 1924 they tendered the 20 cent rate, which the city declined to accept, and this action, filed under the Declaratory Judgment Act to determine the rights of the parties and for an injunction, followed. Defendant filed a demurrer to the petition, which was overruled and, it declining to plead further, judgment was rendered enjoining defendant from collecting any tax from plaintiffs upon any of the character of property involved for the year mentioned, except the 20 cent rate fixed by the 1924 act, and complaining of that judgment defendant prosecutes this appeal.

In the case of State National Bank v. Board of Councilmen of the City of Frankfort, 207 Ky. 543, we held that the same 1924 act, here involved, did not take effect until four months after the adjournment of that session of the legislature, or till July 19, 1924, which was after the municipal taxes for the year had not only been assessed, but had been levied and became due and payable, and for that reason the plaintiff in that case was not entitled to the benefits of the 1924 act for that year. We can discover no difference, so far as the legal question is concerned, between the facts of that case and those of this one. It is true that the municipality there involved was one of the third class and its charter contained different provisions for the date of assessment of property for municipal taxation, as well as the date for the collection of the taxes, the incurring of penalties, &c., from those of charters of cities of the fourth class. But under the provisions of the latter class of cities the tax here sought to be enjoined had not only been assessed against plaintiffs,

but had also been supervised and returned to the city clerk, and he in turn had made out the tax bills and turned them over to the proper collecting officer for collection, as is prescribed in section 3543 of the 1922 edition of Carroll's Statutes, which is a part of the charter of cities of the fourth class. The property had been valued as of the first day of April, 1924, as is required by section 3535, a part of the same charter, and under the following section, 3536, the taxes became due and payable on the first day of July, 1924, and the city was given a lien upon the assessed property for the amount. Under the provisions of the same charter the assessor is required to complete his list on or before the first Monday in May each year (section 3533), followed by supervision by the supervisors, who are required to meet on the Thursday following the second Monday in May after the assessment is completed by the assessor (section 3542). So that, the taxes here sought to be enjoined were collectible on property which had been assessed, supervised and the tax bills put into the hands of the collector, and all of them had become due long before the 1924 act took effect, and which was the exact situation in the State National Bank case, *supra.* We still adhere to the principles of that opinion, and measured by them it necessarily follows that the court erred in not sustaining the demurrer filed to the petition and in dismissing it upon defendant declining to plead thereto.

The authority for the legislature to classify property for the purpose of taxation was given by the amendment to section 171 of the Constitution, which amendment was adopted by the people at an election in 1915, and there can be no valid objection to the application of the 1924 act, *supra,* to future years as long as it remains unrepealed. But inasmuch as it did not take effect so as to entitle plaintiffs to the benefits of its reduction in municipal taxes for the year 1924, they were not entitled to the relief sought.

Wherefore, the judgment is reversed, with directions to set it aside and to sustain the demurrer filed to the petition, and for proceedings consistent with this opinion.