# Ross, Sheriff, etc. v. First National Bank of Somerset.

(Decided March 12, 1926.)

## Appeal from Pulaski Circuit Court.

1. Taxation—Statutory Requirement for Certification of Assessment by State Tax Commission on or Before June 1st is Directory, and Not Mandatory (Acts 1924, c. 109, Section 4, Amending Acts 1917 [Ex. Sess.] c. 1, Section 34, Subdivision 3).—Acts 1924, c. 109, section 4 amending Acts 1917 (Ex. Sess.) c. 1, section 34, subdivision 3, directing state tax commission to complete equalization of assessments, and certify change to auditor of public accounts prior to June 1st, is merely directory, not mandatory, and failure to certify within such time does not invalidate assessment.

2. Taxation—Certification of Assessment by State Tax Commission After June 1st Relates Back to that Date, so that Statute Reducing Tax Rate Becoming Effective Between that Date and Date of Certification is Not Applicable (Acts 1924, c. 109, Section 4, Chapter 117, Section 1, Amending Ky. Stats., Section 4092, Constitutional Amendment to Section 171 [See Acts 1914, c. 94]; Ky. Stats., Sections 4130, 4148; Constitution, Section 59, Subdivision 15, and Section 169; Acts 1922, c. 51).—Where final certification of assessment by state tax commission, under Acts 1924, c. 109, section 4, was not made until after June 1st, assessment held to relate back to that date, so that reduced tax rate for county taxes, under Acts 1924, c. 117, section 1, amending Ky. Stats., section 4092, complying with constitutional amendment to section 171 (see Acts 1914, c. 94), and taking effect between time of actual certification and June 1st, was not applicable to taxes becoming collectible theretofore, in view of Ky. Stats., sections 4130, 4148; Constitution, section 59, subdivision 15, and section 169; and Acts 1922, c. 51.

3. Taxation—Taxpayer Must Pay Taxes at Rate Prevailing when Officer was Authorized to Collect Them, and Assessment as Well as Levy should Take Effect as of that Date.—Taxpayer must pay taxes at rate prevailing when collecting officer is authorized to collect them, and, therefore, assessment of taxes as well as levy by authorities should take effect as of that date, whether they become fixed and obligatory from and after levy should be made, or from date assessment should be made.

R. C. TARTER for appellant.

WILLIAM WADDLE for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellee and plaintiff below, First National Bank of Somerset, Kentucky, sought by its petition filed in this equity action, to enjoin the appellant and defendant below, as sheriff of Pulaski county, from collecting

from it any taxes *for the county* on its capital stock in excess of 20 cents on each $100.00 valuation thereof, as was provided by chapter 117, Acts of 1924, page 415. That act amended the former section (4092) of our present statutes relating to the assessment of bank stock and fixed a rate of 50 cents on each $100.00 valuation of such stock for state purposes and not exceeding 20 cents on each $100.00 of its valuation for county purposes, and the same amount for city municipal purposes and not exceeding 40 cents on the same valuation for school purposes. It contained, as was required by the constitutional amendment to section 171 permitting such classification, a referendum section on account of which we held in the recent cases of State National Bank v. Board of Councilmen, 207 Ky. 543, and City of Williamsburg v. First National Bank of Williamsburg, 211 Ky. 606, it did not take effect until July 18, 1924. The petition alleged the amount of plaintiff's stock with the valuation of it as finally fixed by the State Tax Commission on November 1, 1924, and that it had paid to defendant the 20 cent rate, but notwithstanding that, he, as the sheriff of his county, was threatening to and would levy on its property to collect the balance of the county rate theretofore prevailing which was 70 cents on each $100.00 of its valuation, and that unless enjoined by the court he would do so to its irreparable injury, since plaintiff contended that inasmuch as the State Tax Commission did not finally pass on the assessment of such property until November 1, after that act took effect, it came under the provisions thereof and was not liable for any rate exceeding 20 cents on each $100.00 valuation of its stock. The court overruled defendant's demurrer filed to the petition and he, declining to plead thereto, was enjoined as prayed for in the petition, and to reverse that judgment he prosecutes this appeal.

The property here involved is such as is required to be equalized by the State Tax Commission, and by section 4 of chapter 109, Acts of 1924, amending section 34 of subdivision 3, chapter 1, Acts of the extraordinary session of 1917, the assessment of property, as equalized and as made by the State Tax Commission, is required to be certified for collection not later than June 1 in each year, and on May 31, 1924, a tentative equalization of bank stock was made by the State Tax Commission and certified as required by that act, though in the order of certification the board retained control of the assessment for the pur-

pose of making future changes therein if further investigation required it, and it did not make final disposition of the matter until November 1 of the same year, at which time it made the prior tentative assessment of plaintiff's stock of May 31, permanent and final, making no change in it.

Much argument is indulged in by counsel for both sides as to whether the required certification by the State Tax Commission on or before June 1 each year is mandatory or directory, but we are unable to see wherein that question has any bearing upon the case, for if the requirement is only directory, as is contended by counsel for plaintiff, and which we think is correct and so held in the case of Johnson v. Fordson Coal Co., ante Ky. 445, then it would relate back to the time when the statute required the certification to be made (Cooley on Taxation, 4th edition, volume 3, section 1062, page 2143) and would have the same legal effect as if made on or before that time. Counsel's position, as stated in his brief, is that, "If the assessment had not been completed (at the time the 1924 classification act took effect on July 18, 1924) then the tax had not become due and payable, and for that reason, the benefits of the 1924 act would have accrued, the assessment having become final after its effective date." But, which contention falls to the ground under our conclusion above, that the action of the State Tax Commission after June 1, 1924, related back to that date, preserving, however, all existing review remedies. The position of counsel seems to be based upon a statement made in the opinion in the City of Williamsburg case, *supra*. After stating therein, the effective date of the 1924 classification act we followed it by saying: "Which was after the municipal tax for the year had not only been assessed, but had been levied and become due and payable, and, for that reason, the plaintiff in that case (City of Frankfort, *supra*), was not entitled to the benefits of the 1924 act for that year." But that statement was made only for the purpose of fortifying the position taken in the two cases, *supra,* and was not intended as one containing the grounds upon which the opinions were rested. Indeed, there was no reference to such facts in the opinion in the City of Frankfort case, and it does not appear therefrom when the assessment of the property there involved was finally assessed or when levied during the fiscal year of 1924, nor when the books went into the hands of the collecting officer, although

those facts did appear in the City of Williamsburg case, and they were referred to only as strengthening the position taken by us in that case.

The fiscal year for counties is the calendar year. Section 169 of the Constitution, and chapter 51, Acts of 1922, page 174. The taxes due the county for each year become due and payable on March 1 of the same year. Section 4148 of our present statutes. Hence, the sheriff, prior to the enactment of chapter 121, Acts of 1924, was required to execute his revenue bond on or before that date. Section 4130, Kentucky Statutes, and Davis v. Walker, 212 Ky. 379. And the taxpayer at least became obligated to pay the amount of taxes that the valuation of his property would produce at the rate prevailing at the time when the collecting officer was authorized to collect them, and, necessarliy, both the assessment of the taxes as well as their levy by the taxing authorities should take effect as of that date; and whether they became fixed and obligatory from and after the levy should be made, or from the date the assessment should be made, can make no difference as to the prevailing rate in this case, since, as we have said, both of those actions or steps should precede or relate back to the date when the collecting officer is required to collect the taxes, regardless of the actual time when they were made or done.

Moreover, to adopt a different construction and to permit the application of a rate of taxation prevailing at the time of the *actual* assessment, or the actual levy, although made subsequent to the time directed by the statute, would result in the legislative establishment of a different rate in different counties, dependent upon the time that the assessment or the levy made for the different units was *actually* made, and which would be in violation of subsection 15 of section 59 of the Constitution, in that there would be different legislative rates prevailing on the same class of property for the same fiscal year in different divisional units of the Commonwealth belonging to the same class, since one county might complete its assessment or make its levy by its properly constituted authorities at a different time or times from that which others in the Commonwealth might do and between which periods a new rate-fixing statute might take effect, as did chapter 117 of the 1924 Acts under which plaintiff claims the exemption here. To so hold would render it possible for the assessing or levying authority of each county, by its tardiness, to apply a different law to the

different counties for the same fiscal year for the same class of property, and we are convinced it was never intended by the legislature that such a consequence should follow, or if so that it would be unconstitutional and void.

It is, therefore, our conclusion that the two opinions, *supra,* are conclusive in this case, and that the court erred in overruling the demurrer to the petition, and the judgment is reversed, with directions to set it aside, to sustain the demurrer, and for proceedings consistent herewith.