# Harlan-Wallins Coal Corporation v. Cawood, Sheriff.

December 13, 1946.

James Sampson and Sampson & Sampson for appellant.

J. B. Carter, Bert O. Howard and R. W. Keenon for appellee.

Eldon S. Dummit, Attorney General and Ben B. Fowler, Assistant Attorney General, amicus curiae.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

At the regular 1946 session of the Legislature of this Commonwealth it enacted chapter 36, page 58, of the published Acts for that session, the title to which is, "An Act relating to taxation for school purposes." It therefore became an independent act with the effect of repealing by implication all prior statutes relating to the same subject inconsistent with its provisions relating to the same subject, which is a rule of construction too well settled and too familiar to require a listing of authorities sustaining it. That act is now sections 160.475 and 160.476 in the 1946 Legislative Supplement to KRS.

Section (1) of the 1946 Act says:

"The ad valorem tax levy for school purposes, other than sinking fund purposes, in each school district, shall be not less than twenty-five cents annually on each one hundred dollars of property subject to local taxation nor more than one dollar and fifty cents annually on each one hundred dollars of property subject to local taxation."

Its other sections, except section (3), relate to the levying of a poll tax for school purposes, as well as an ad valorem tax, for the acquiring of school buildings and equipping them with proper facilities for conducting the school. The rate that the fiscal court of a county might levy prior thereto for the benefit of county school districts was, under the provisions of section 160.490 KRS, subsection (6), "not more than seventy-five cents on each one hundred dollars of property subject to local taxation." It will be perceived that the 1946 act prescribes a minimum rate of not less than twenty-five cents nor more than one dollar and fifty cents on each one hundred dollars assessed valuation.

The 1946 act contained no emergency clause and did not become effective until June 19, 1946. Nevertheless the' fiscal court of the county on June 11, 1946, made a levy for school purposes other than for the creation of a building and repair fund, etc. (all stated in the 1946 act) of a rate of one dollar and twenty-five cents on each one hundred dollars assessed valuation of property in the county. Conceiving that such levy might be invalid, since the 1946 statute authorizing such a rate had not then taken effect, the fiscal court met on June 21 thereafter at which it made the same levy and which was followed by another one levying the same rate on October 15, 1946, but which latter we conclude was unnecessary since the levy made on June 21 of that year, two days after the 1946 act became effective, accomplished all that was attempted to be done by the October levy of the same year.

The Harlan-Wallins Coal Corporation owns property subject to school taxes and located in Harlan County. It brought this action to enjoin the sheriff of the county, to whom the county court clerk had delivered a certification as to the amount of its school taxes from enforcing the collection thereof by distraint or otherwise, over and above the seventy-five cent rate in effect

when the 1946 act was enacted, upon the ground that: "The attempted orders of the Harlan Fiscal Court of June 11th, 1946, and of June 21st, 1946, wherein said Fiscal Court attempted to make a levy on all property subject to common or county school taxes at a rate of $1.25 per $100.00 of valuation of said property is null and void and of no force and effect insofar as said orders attempt to levy a common or county school tax in excess of 75c on said $100.00 of valuation of the property of this plaintiff subject to said common or county school tax, in that said Fiscal Court was required, under the laws of the State of Kentucky, to levy said tax in April of 1946, which was before the effective date of the enactment of the General Assembly of the State of Kentucky hereinbefore set forth at length, and in that said taxes were due and the defendant sheriff had executed his revenue bond with good and sufficient sureties and was ready to collect said taxes on March 1st, 1946, which was before the effective date of said Act of 1946, and because the acts and orders of said Fiscal Court in attempting to levy said tax of $1.25 per $100.00 of valuation is a violation of and contrary to the constitution of the United States and the Fourteenth Amendment thereof, as well as the constitution of the State of Kentucky, in that said acts amount to the taking of plaintiff's property without due process of law."

By amendment plaintiff charged that the orders of the fiscal court making the $1.25 levy under the act of 1946 violated subsection (15) of section 59 of the Constitution which inhibits local or special legislation "to authorize or to regulate the levy, the assessment or the collection of taxes, etc." But we need make no further reference to that contention, since the 1946 act which plaintiff insists is not applicable to the fiscal year in question is a general statute applicable to all fiscal courts and county public school districts equally throughout the state, although it leaves it optionary with the county boards of education as to the amount of tax necessary to operate the schools of that district and to request the fiscal court of the county to make a levy within the limits of the 1946 act. Defendant's demurrer filed to the petition as amended was sustained by the court and plaintiff, declining to amend, its petition was

dismissed, from which judgment it prosecutes this appeal.

The contention of plaintiff is that it is only liable for the levied rate of taxes prevailing at the time the 1946 act was passed, which was seventy-five cents on the one hundred dollars of the taxpayer's property, and which it expresses a willingness to pay, but that it is not liable for the fifty-cent increase of that rate which the fiscal court of Harlan County made in its levies supra of June 11 and 21, 1946, the first of which was made before the 1946 act took effect (which was on June 19, 1946, there being no emergency clause) but the latter levy was made two days after the statute took effect.

The fiscal year of school district (regardless of what it may be for other taxing units) is from July 1 to and including June 30 of the succeeding year, so that the attacked statute in this case, as to its applicability for the year involved, had become the law of the state and measured the tax rate that could be levied thereunder before the beginning of the next succeeding *fiscal* year .in which they would be collected. That was not true in the case of Ross v. First National Bank of Somerset, 213 Ky. 453, 281 S. W. 517, which is the chief one relied on by appellant to sustain its contention for the relief sought by its petition. In that case the applicability of the 1924 statute there under consideration did not apply because it did not take effect until after the commencement of the *fiscal* year, which was the calendar year in that case, and it did not operate to repeal or supersede the prevailing rate existing at the time it became effective. The reverse, as we have seen, is true in this case.

Subsection (2) of 160.460, KRS, relating to school taxes requires that the levying authority shall make its levy during April of the fiscal year for which the tax is to be collected, but if not so made then "the failure of the authority to make the levy within the date prescribed shall not invalidate any levy made thereafter." The one made in this case by the Harlan fiscal court on June 21, 1946, was therefore valid. Nothing thereafter was required to be done by any state agency having anything to do with the levying of the taxes or the assessments of the property to be taxed. Therefore after the levy of June 21, 1946, nothing remained to be done except for the

county clerk to deliver certificates to the sheriff of the amount of tax due from each taxpayer which amount had become permanently fixed before the beginning of that particular fiscal year, and for him to collect the tax as prescribed in the statute.

Because of the difference between the facts as to the time of assessment, the time of the levy, the fiscal year, and the taking effect of the questioned statute before the beginning of that fiscal year in this case, not only the Ross case, but all of the other cases cited by appellant's counsel, are not applicable and have no value as precedents in determining the question here involved. Without referring to the various sections of the statute in fortification of the conclusion we have reached, we deem it sufficient to say that we agree with the circuit court in its conclusion that plaintiff was not entitled to the relief sought, since the 1946 act became effective before the beginning of the succeeding fiscal year of the taxing district, followed by the levy of the fiscal court in contest pursuant to that statute.

Wherefore, the judgment is affirmed.