(45 Misc. Rep. 4.)

### PEOPLE v. NEW YORK BUILDING LOAN BANKING CO.

#### In re ECKSTEIN.

(Supreme Court, Special Term, New York County.  August, 1904.)

1. BUILDING ASSOCIATION—INSOLVENCY—RIGHTS OF BORROWER.

Where a building association has become insolvent, in the adjustment of members' accounts the premiums to be charged borrowing members are no longer an asset, and are not to be added to a debt due from a member to the company, but the amount thereof is simply the amount of a loan, with interest, less payments made on the loan and the premium.

2. SAME—VOLUNTARY PAYMENTS.

Where, on insolvency of a building association, a borrowing member has voluntarily paid to the receiver a sum in excess of a debt, the expenses of the proceeding to obtain reimbursement should be borne by the borrowing member.

3. VOLUNTARY PAYMENT—RECOVERY.

The rule that a voluntary payment cannot be recovered does not apply to a payment made to the court through the hand of its receiver.

Action by the people against the New York Building Loan Banking Company.  Petition of Emma Eckstein for discharge of mortgage.  Motion granted.

Charles R. Hall, for petitioner.
Charles W. Dayton, for receiver.
John Cunneen, Atty. Gen., for the People.

BISCHOFF, J.  With the insolvency of the defendant company its claim against borrowing members for premiums charged in carrying through the building transactions became no longer an asset, since the consideration for the member's promise to pay the premium—the continued benefit from the existence of the company—failed with the cessation of business, and in the adjustment of the member's account the premium is not to be added to the actual indebtedness due from the member to the company, the measure being simply the amount loaned, with interest, subject to deduction in the amount of the payments made by the member as interest upon the loan and premium.  Roberts v. Murray (Co. Ct.) 81 N. Y. Supp. 1023; Breed v. Ruoff, 54 App. Div. 142, 66 N. Y. Supp. 422; Curtiss v. Association, 69 Conn. 6, 36 Atl. 1023, 61 Am. St. Rep. 17; Endlich, Building Ass'ns, § 531.  In the present case the services performed by the company, for which it is suggested the premium might be viewed as compensation, were less than those rendered in every case of the ordinary dealings between the association and the member who seeks a building loan, and the mortgages in question (so far as they represented a premium charged and not money loaned) were not enforceable securities in the hands of the receiver, in view of the rule referred to.  This being the situation, the petitioner was not a debtor of the company, but had already greatly overpaid the loan (which was actually but $53 and interest) at the time when she paid $2,000 to the receiver in part satisfaction of the mortgages, and, in so far as the con-

clusion of the referee involves the proposition that these mortgages were not an available asset of the company after insolvency, that conclusion is correct. Upon a proper adjustment of the petitioner's account she was entitled to the discharge of these mortgages, and the fact that she paid the receiver something which was not due should not prevent that proper adjustment now. There is no actual ground of estoppel in the case, nor is the rule which renders conclusive a voluntary payment applicable to a payment made to the court through the hand of its officer. Ex parte James, 9 Ch. App. 609. And see Matter of Ensign, 95 N. Y. 664. I must hold, therefore, that the petitioner is entitled to the relief sought, in conformity with the referee's report, viz., to the return of $2,000, with such interest as the receiver may have been allowed upon it, to the satisfaction of the mortgage for $798.14, and cancellation of the assignment of petitioner's stock to the receiver; the question of the manner in which she shall share in the general distribution to await the final accounting of the receiver. The expenses of this proceeding should, however, be borne by the petitioner, and not by the estate in the receiver's hands. But for the petitioner's insistence in obtaining an order directing the receiver to accept this sum of $2,000 and the additional mortgage for the purposes of clearing her title, the present proceeding would not have been necessary. The receiver is not chargeable with fault, and the creditors should not be made to pay for the consequences of the petitioner's mistake.

Motion granted as indicated.