## Powell County v. Clay City Nat. Bank.

(Decided Dec. 6, 1932.)

M. C. REDWINE for appellant.
JOHN D. ATKINSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN —Affirming.

Prior to the effective date of chapter 117 of the Acts of 1924, banks, both state and national, doing business in this state, paid upon each $100 of value of their shares to the state and to the county, city, and taxing district in which they were located, a tax at the same rate imposed by the state and such county, city, town, or taxing district upon other personalty therein. See section 4092, Kentucky Statutes, 1922 Edition. By chapter 117 of the Acts of 1924, now section 4092 of the 1930 Edition of the Statutes, there was imposed on such banks a specific rate for the state, county, city, and school districts; the specific rate authorized for the county being less than that which the county prior to the effective date of that act could have levied and which in this case it had levied. Prior to the decision of this court in the case of State National Bank v. Board of Councilmen of the City of Frankfort, 207 Ky. 543, 269 S. W. 726, there was some uncertainty in the state as to the effective date of chapter 117 of the Acts of 1924. That decision, however, settled that the taxes which the banks would have to pay up to and including the taxable year 1925 should be in accordance with the rates authorized by section 4092 of the 1922 Edition of the Statutes rather than those authorized by chapter 117 of the Acts of 1924.

The Clay City National Bank, now appellee, paid

taxes for the years 1924 and 1925 in accordance with the rates authorized by chapter 117 of the Acts of 1924 instead of in accordance with the rates authorized by section 4092 of the Kentucky Statutes, 1922 Edition, and which in this case were, so far as Powell county is concerned, higher than the rate provided for in chapter 117 of the Acts of 1924. On November 2, 1931, this suit was brought by Powell county to collect from the Clay City National Bank for the years 1924 and 1925 the difference between what it had paid and what it should have paid in taxes. There is no dispute over the fact that the bank had duly assessed its shares for taxation but had paid the taxes for the years 1924 and 1925 at the wrong rate. The bank filed an answer in three paragraphs, one of which alleged that the effective date of chapter 117 of the Acts of 1924 was prior to the date on which the taxes for the year 1925 were levied; a defense manifestly lacking in merit. See State National Bank v. Board of Councilmen of the City of Frankfort, supra. The other two paragraphs pleaded the five-year statute of limitations (Ky. Stats., sec. 2515) to the claim for taxes for the years 1924 and 1925 respectively. A demurrer was overruled to these paragraphs, and thereupon a reply was filed denying the applicability of the five-year statute, and affirmatively pleading that the taxes had been collected from and paid by the bank under a mistake on its part and on the part of Powell county as to the effective date of chapter 117 of the Acts of 1924; that this mistake was not discovered until after the decision of this court in the State Naional Bank Case, supra, and that this suit was brought within five years after the discovery of such mistake, and so, under Kentucky Statutes, sec. 2519, was saved from the five-year statute of limitations conceding its applicability. A demurrer was sustained to this reply, and, Powell county declining to plead further, its petition was dismissed, and this appeal results.

Addressing ourselves to the question whether the five-year statute of limitations applies, we find that this question is settled in the case of Citizens' National Bank of Lebanon v. Commonwealth, 118 Ky. 51, 80 S. W. 479, 81 S. W. 686, 25 Ky. Law Rep. 2254, 26 Ky. Law Rep. 62. That was a suit brought to collect taxes against the shares of national banks which by virtue of chapter 23, sec. 1 of the Acts of 1900, later section 4092a of the 1903 Edition of the

Statutes, were put on the same taxing basis as state banks. The five-year statute of limitations was interposed as to certain years, and this court held that such plea was good. That case is conclusive of the question here raised unless, as is earnestly argued, the passage of chapter 116 of the Acts of 1924, now section 4019a-12 of the 1930 Edition of the Statutes, extending the time for retrospectively assessing omitted personal property from the five-year period theretofore existing to ten years, affects the decision in that case. We are of the opinion that it does not. In the instant case, there is no contention that the bank did not properly assess its shares. The extension of the time within which a retrospective assessment of omitted personal property may be made does not affect the question of limitation on the right to collect a tax after an assessment has been made. Limitations as to the collection of a tax do not begin to run until the property is assessed. The assessment of property is one thing. The levy and collection of the tax on such assessment is another. The fact that omitted personal property may be retrospectively assessed for ten years does not affect the proposition that, once assessed, the right to collect the tax levied thereon may be barred in five years thereafter. The court correctly overruled the demurrer to the paragraphs of the answer pleading limitations.

The court likewise properly sustained the demurrer to that paragraph of the reply pleading the alleged mistake of the parties as to the effective date of chapter 117 of the Acts of 1924. The mistake relied upon is the erroneous interpretation put upon the law by the appellant. Such is not the character of mistake which serves to save a cause of action from the running of the statute of limitations. See Wilcox v. Sams, 213 Ky. 696, 281 S. W. 832; Falls Branch Coal Co. v. Proctor Coal Co., 203 Ky. 307, 262 S. W. 300, 37 A. L. R. 1172; Hopperton v. L. & N. R. Co. (Ky.) 34 S. W. 895, 17 Ky. Law Rep. 1322.

The judgment is affirmed.