CHARLES H. MORGAN, Appellant, v. JASPER COUNTY, Appellee.

No. 43815.

JUNE 15, 1937.

V. H. Morgan and Campbell & Campbell, for appellant.

Luther M. Carr, for appellee.

DONEGAN, J.—Prior to the 18th day of March, 1923, par. 7 of section 1 of chapter 49, Acts of the Thirty-seventh General Assembly was in effect and provided that a fee be paid to the sheriff for collecting and paying over money. This provision was repealed by section 1 of chapter 102 of the Acts of the Fortieth General Assembly, which became effective on publication completed on the 18th day of March, 1923.

On the 29th day of March, 1923, the sheriff of Jasper county, Iowa, sold two different tracts of real estate under two separate mortgage foreclosure actions, in both of which he collected and turned over to the county the fee provided in par. 7 of section 1 of the Acts of the Thirty-seventh General Assembly. In one of

these sales the fee amounted to $45, and in the other to $60. Claims for the refund of the fees thus illegally collected were filed with the county auditor and board of supervisors of Jasper county, Iowa, in October, 1935, and payment was refused. The claims were thereafter assigned to Charles H. Morgan, the plaintiff in this case, and this action was commenced in equity for the collection of the fees thus paid. The petition was in two counts, each count referring respectively to the fee collected in one of the cases. Both counts alleged that the payment of the fee was due to misapprehension and mistake of both the sheriff and the purchasers at the sale; that such mistake was not discovered in one case until January, 1934, and, in the other case, until July, 1935; that separate claims had been filed with the county auditor and board of supervisors for the repayment of the fees thus illegally collected, and had been refused; that this action is grounded on mutual mistake and is brought under section 11010 of the 1935 Code of Iowa; and that the plaintiff has no adequate remedy at law. To this petition the defendant county filed a motion to dismiss, on the ground that the facts stated in the petition did not entitle the plaintiff to the relief demanded, (1) because the sums sought to be recovered were voluntarily paid under a mistake of law; and (2) because the plaintiff's cause of action, if any, is barred by the statute of limitations. Upon hearing the trial court sustained the motion to dismiss, and the plaintiff appeals.

■■■ Appellee relies upon the general rule that payment voluntarily made under a mistake of law cannot be recovered, which is stated in 48 C. J., 755, as follows:

"Except where it is otherwise provided by statute, it is held by the great preponderance of adjudged cases that, where one under a mistake of law, or in ignorance of law, but with full knowledge of all the facts, and in the absence of fraud or improper conduct upon the part of the payee, voluntarily and without compulsion pays money on a demand not legally enforceable against him, he cannot recover it back."

Appellant admits the general rule above set out but contends that this rule is not applicable to the facts of the instant case; first, because the mistake here involved was not a mistake of law, but a mistake as to the existence of the law and not as to its construction, and that it is, therefore, a mistake of fact; and,

second, because the payments here involved were made to an officer of the court under a misapprehension of legal rights, and come under an exception to the general rule relied upon by appellee. In support of his contention that the mistake here involved was not a mistake of law but one of fact, appellant relies on the case of Iowa City v. Johnson County (Iowa), 61 N. W. 995. That case, however, does not appear in the official Iowa reports. A rehearing was granted and the appeal was later dismissed for want of jurisdiction. 99 Iowa 513, 68 N. W. 815. In Sioux City & St. Paul Ry. Co. v. O'Brien County, 118 Iowa 582, 584, 92 N. W. 857, 858, referring to the opinion in Iowa City v. Johnson County, supra, we said: "the language there employed can in no proper sense be quoted as the official pronouncement of the court." In our opinion, the mistake here involved was not a mistake of fact.

In support of his contention that the general rule as to mistake of law, relied upon by appellee, does not apply in this case, appellant quotes as follows from 48 C. J., at pages 739 and 758:

"The general rule does not apply to, but recovery may be had of, payments made to an officer of the court under a misapprehension as to legal rights, or under protest against arbitrary action on the part of such officer, except to the extent that the money has been paid out in good faith under the direction of the court. * * *

"The general rule denying recovery of payments made under a mistake of law does not apply to payments to an officer of the court, and such payments may be recovered; but payments made by such officers under a mistake of law are not recoverable."

This exception to the general rule has been recognized in Sando v. Smith, 237 Ill. App. 570; Carpenter v. Southworth (C. C. A.), 165 Fed. 428; Gillig v. Grant, 23 App. Div. 596, 49 N. Y. S. 78; People v. N. Y. Building Loan Banking Co., 45 Misc. 4, 90 N. Y. S. 809.

As the mistake here involved is not a mistake of fact but of law, and, as the payments here involved were made to the sheriff, who is an officer of the court, we see no reason why they would not come under the exception to the general rule for which appellant contends.

■■■ The second ground of the defendant's motion to dis-

miss the plaintiff's petition is based upon the claim that the cause of action, if any, is barred by the statute of limitations. It appears from plaintiff's petition that the sheriff's sales, upon which the commissions were paid, were held on the 29th day of March, 1923; that the alleged mistake was not discovered as to one of the sales until January, 1934, and as to the other sale until July, 1935. This action was commenced on January 3, 1936, and the petition alleges that it is brought under section 11010 of the Code of 1935, which provides that, in actions for relief on the ground of fraud or mistake, the cause of action shall not be deemed to have accrued until the fraud or mistake is discovered by the party aggrieved. Appellant contends that, the petition having stated that the action is brought to recover money paid by mistake, and that the mistake as to one payment was not discovered until January, 1934, and, as to the other, until July, 1935, the statute of limitations did not begin to run until the discovery of the mistake in each instance. Appellee, on the other hand, contends that the provision of the statute, in regard to a cause of action for mistake not accruing until the mistake is discovered, does not apply to a mistake of law, but only to a mistake of fact. We are inclined to agree with the appellee's contention in this regard. Unless we are to set aside entirely the well-recognized principle of public policy, that every one is presumed to know the law, and that ignorance of the law will excuse no one; and, unless we are prepared to say that one may be guilty of all sorts of mistakes, but, so long as they are mistakes of law, and so long as he remains in blissful ignorance of the law, the statute of limitations will never run against him, we see no escape from this conclusion. Conceding that the sheriff had no right to demand or accept the payments that were made by appellant's assignors, and that neither he nor the county had any right to retain such payments after they had been received, the appellant's assignors had a right to demand the return of such payments at any time after they had been made. They are presumed to know the law and we know of no good reason why an exception should be made in their favor and the running of the statute tolled until this presumption is supplanted by actual knowledge.

This is not a case where the sheriff deceived the appellant's assignors into paying him money for the benefit of the county, with knowledge that he had no right to collect the fees charged.

So far as the petition shows, the sheriff was just as ignorant of the law as the appellant's assignors, and there is nothing in the nature of any concealment or of any act done by him or by the county officers which would have misled the plaintiff's assignors, or delayed or prevented them from discovering the mistake. Not only had the repealing statute been published, as provided by law, at the time the payments were made, but, within a few months thereafter, the Acts of the 40th General Assembly were officially published, and the repealing statute was again set forth therein. In the following year the Code of 1924 was adopted and the provisions of this repealing statute were again, for the third time, officially and solemnly proclaimed.

Appellant has not cited and, although we have made a diligent search, we have been unable to find any authority sustaining his contention that a party may toll the running of the statute of limitations by his own ignorance of the law. The case of Powell County v. Clay City National Bank, 246 Ky. 326, 55 S. W. (2d) 10, 11, involved a mistake of the parties as to the effective date of a legislative act. It appears that prior to the year 1924 banks in the state of Kentucky paid taxes based upon each $100 of valuation of their shares of stock. By a statute enacted in 1924 the law was changed, and a specific rate was provided, under which the taxes payable by banks were less than under the prior law. The City National Bank paid its taxes for 1924 and 1925, based upon the new rate, which both parties understood had gone into effect and was applicable to the taxes for these years. It was afterwards decided by the court of appeals of Kentucky that the law providing the new rate did not become effective in time to apply to the taxes for the years 1924 and 1925. The action was brought in 1931 by the county to recover the difference between the amount of taxes paid by the defendant for these years and the amount that should have been paid under the old law, and the defendant bank plead the five-year statute of limitations (Ky. St. section 2515). To this the county filed a reply, alleging that the taxes paid by the bank for the years 1924 and 1925 were paid under mistake of both parties as to the effective date of the statute which provided for the change of rate; and that this mistake was not discovered until after the decision of the court of appeals as to the effective date of the statute. To this reply the defendant bank filed a demurrer, which was sus-

tained by the trial court. In affirming the trial court's ruling, the court of appeals of Kentucky said:

"The court likewise properly sustained the demurrer to that paragraph of the reply pleading the alleged mistake of the parties as to the effective date of chapter 117 of the Acts of 1924. The mistake relied upon is the erroneous interpretation put upon the law by the appellant. Such is not the character of mistake which serves to save a cause of action from the running of the statute of limitations. [Citing cases.]"

That a mistake of law will not toll the running of the statute of limitations would also seem to follow from the holdings in the cases of Grand Lodge A. O. U. W. v. Schwartz (Tex. Civ. App.), 205 S. W. 156, and McKinney v. Beattie, 157 Ark. 356, 248 S. W. 280.

In our opinion, the ruling of the trial court was correct, and it is, therefore, affirmed.—Affirmed.

RICHARDS, C. J., and ANDERSON, PARSONS, HAMILTON, MITCHELL, STIGER, and SAGER, JJ., concur.