**BARNES v. KENNEDY.**

Court of Appeals of Kentucky.
Sept. 28, 1951.

Fritz Krueger, Somerset, for appellant.
H. C. Kennedy, Somerset, for appellee.

SIMS, Justice.

J. M. Kennedy recovered judgment against George A. Barnes on five notes aggregating $750, with interest on four of the notes from Dec. 13, 1922, and on the other note from Sept. 4, 1933. In seeking to reverse the judgment Barnes insists that the court erred: (1) In not sustaining his plea of limitation; (2) in refusing to sustain his plea that the notes were not listed for taxation during each of the years plaintiff owned them; (3) in directing a verdict in favor of plaintiff.

On Dec. 13, 1922, Barnes executed his four promissory notes to Stokes & Shearer for $100 each, due respectively in 5, 8, 11 and 14 months after date. On Dec. 21, 1926, the payees for a valuable consideration assigned these four notes to Kennedy. Barnes executed to the Middlesboro Banking Company his note for $350 on June 5, 1932, due 6 months from date, which note Kennedy signed as accommodation endorser. Barnes failed to pay this note at maturity and on Sept. 4, 1933, Kennedy satisfied it and the note was endorsed to him without recourse by the bank. This note bore 6% interest from maturity and the four $100 notes bore the same rate of interest from date.

Kennedy instituted this action against Barnes on all five of these notes on Jan.

17, 1949. His petition as amended averred "that after the assignment of said notes to him as aforesaid, and within less than 15 years after the execution and delivery of said notes, and less than 15 years before the filing of this action the defendant did in the city of Somerset, Kentucky, acknowledge to the plaintiff that each of said notes was just, due and unpaid, and thereupon promised the plaintiff that if the plaintiff would give him a little more time he would pay each of said notes with interest; that the plaintiff agreed to extend time for payment for a short while; but that the defendant did not within a little time, or a short time, or at all, pay any of said notes or interest thereon, and that the defendant now fails and refuses so to do."

Barnes' general demurrer to the petition was overruled and his answer was a plea of limitation, followed by an averment that Kennedy had failed to list the notes for taxation and KRS 132.300 bars his action on them. The reply as amended denied the notes were barred by limitation and further denied they were not listed for taxation and Kennedy averred he had listed and paid taxes on the notes from 1939 to 1949.

Kennedy testified clearly and unequivocally that in September 1934, while he was attending the September term of court in Somerset as Commonwealth Attorney, Barnes told him the notes represented just debts and he would pay them if Kennedy would give him a little additional time, as he was then beginning to make some money. Defendant did not take the stand, nor did he introduce any testimony in his behalf, and plaintiff's testimony stands uncontradicted.

Here, all five notes were transferred to Kennedy by the payees after maturity, hence they were not placed on the footing of a bill of exchange and the 15 year statute of limitation applied. KRS 413.090. Kennedy v. Kennedy, 197 Ky. 784, 248 S.W. 182. The notes were not barred at the time the new promise was made in September 1934, and limitation started running against them from the date of the new promise. 54 C.J.S., Limitations of Actions, § 320, p. 415; City of Louisa v. Horton, 263

Ky. 739, 93 S.W.2d 620; Thornton's Adm'r v. Minton's Ex'r, 250 Ky. 805, 64 S.W.2d 158; Cox v. Monday, 264 Ky. 805, 95 S.W. 2d 785. As this action was brought on Jan. 17, 1949, it is evident it was instituted within 15 years from the date of the new promise in September 1934, hence defendant's plea of limitation must fail.

The rule seems to be, a new promise to pay a debt not barred by limitation merely cuts off antecedent time and extends the period of statutory limitation from the date of the new promise. In such an instance, action must be brought on the original promise; but where the debt is already barred by limitation, a new promise creates a new obligation and the action must be brought on the new promise. See Cox. v. Monday, 264 Ky. 805, 95 S.W.2d 785.

Likewise, there is no merit in defendant's contention that plaintiff's action is barred because he did not list the notes for taxation during all of the years he owned them. It is insisted by defendant that as plaintiff acquired four of these notes in 1926, and the fifth one in 1934, his plea that he had listed and paid taxes on them from 1939 to 1949 shows he failed to list or pay taxes on them for all the time he owned the notes. It is provided in KRS 132.290 when any note, bond, or share of stock is in any year "omitted from assessment as provided by law, it may at any time within ten years thereafter be assessed retroactively". The plain wording of the statute is that notes may only be listed retroactively for 10 years, and the opinion in Powell County v. Clay City Nat. Bank, 246 Ky. 326, 55 S.W.2d 10, in construing K.S. § 4019a–12, now KRS 132.290, so holds.

We come now to defendant's contention that the court erred in directing a verdict against him. In Bullock v. Gay, 296 Ky. 489, 177 S.W.2d 883, the rule is stated as to when the uncontradicted testimony of a witness is conclusive and when it is not. Without here taking the time and space to restate the rule, we now approve what was written in the Bullock opinion. In the instant case Barnes was in court

during the trial and capable of testifying, and when he did not take the stand and refute Kennedy's testimony as to Barnes' promise in September 1934, to pay all of these notes, the trial judge properly directed a verdict in favor of Kennedy. The Bullock opinion is directly in point on this question.

The judgment is affirmed.