Submitted August 11, affirmed September 16, 1959

TAGGART ET UX *v.* LINN COUNTY

343 P. 2d 1115

Courtney R. Johns, District Attorney, Albany, for appellant.

Willis, Kyle & Emmons, Albany, for respondents.

WARNER, J.

This is an action by the plaintiffs, Taggart, against Linn County to recover $1,937.60 as a part of a larger cash amount which they had deposited with the clerk of the court "in lieu" of their undertaking on bail previously given to secure the release of one Culver, then under indictment on a felony charge in that county. After an order sustaining plaintiffs' demurrer to the County's answer, and the County declining to plead further, the court thereafter entered an order on plaintiffs' motion for judgment on the pleadings. ORS 16.130. The defendant County appeals.

The facts garnered from the complaint and answer are not in dispute. In brief, they are: the Taggarts, husband and wife, on or about February 2, 1956, furnished the undertaking referred to; said Culver thereafter disappeared and failed to appear in court on April 20, 1956, the time set for trial; the fact of Culver's nonappearance was duly entered in the court's journal

as required by ORS 140.610; thereafter, in July, 1956, the Taggarts tendered the clerk of the court cash in the amount of $2,500, intended to be in lieu of their undertaking and, notwithstanding the bail had been forfeited, the money was received and held by the county clerk until on or about July 9, 1957, in order, as the County says in its brief, "to afford plaintiffs an opportunity to locate" Culver. On the same date the clerk of the court turned the money over to the County Treasurer of Linn County. Culver was found on or about June 25, 1957, and returned to the custody of the Sheriff of Linn County. After the return of Culver, the Taggarts applied to the circuit court in the matter of State v. Culver for a remission of said $2,500, less $562.40, the amount of the expenses incurred by the County by reason of Culver's nonappearance and subsequent apprehension; that pursuant to the Taggarts' petition, the court, on August 29, 1957, entered an order in the Culver matter authorizing and directing a refund of the sum of $1,937.60. The County refused to pay said sum or any part thereof. This refusal to comply occasioned the instant action for judgment against the County for that amount.

The argument of the County is solely directed against alleged irregularities in the proceeding instituted by plaintiffs to secure the order of remission, contending the Taggarts failed, in the particulars pointed out, to meet the requirements of the statutes providing for remission after forfeiture of bail (ORS 140.610 to 140.670, inclusive).

We waive consideration of the County's argument in this respect for the reason that it is evident to us from the record here that the Taggarts initially invoked the wrong remedy for the recovery of the moneys they deposited with the clerk ostensibly in lieu of their

undertaking. We find their appropriate and only remedy was in assumpsit for moneys had and received, and that their complaint is sufficient to sustain such an action. *Hogan v. Aluminum Lock Shingle Corp. of America,* 214 Or 218, 329 P2d 271, 273. The reasons for these conclusions follow.

■ ORS 140.610, supra, provides that when a defendant in a criminal matter fails to appear when his presence in court is lawfully required, "the court shall direct the fact to be entered in its journal; *and the undertaking of bail or the money deposited in lieu thereof, as the case may be, is thereupon forfeited."* (Emphasis ours.) The date for the defendant Culver's appearance was, as we have said, April 20, 1956. It can be presumed his failure to appear was duly entered in the journal at that time with a resulting forfeiture of bail as of that date (ORS 140.610, supra). Cf. *State v. Wynne,* 356 Mo 1095, 204 SW2d 927, 933; *State v. Wynne,* 238 Mo App 436, 181 SW2d 781, 783.

The privilege of depositing money in lieu of an undertaking or an undertaking in lieu of cash bail is conferred by ORS 140.320 and 140.330. They read:

"140.320 Deposit of money after giving bail. If the defendant has given bail, he may, *at any time before the forfeiture of their undertaking,* in like manner deposit the sum of money mentioned in the undertaking; and upon the deposit being made and the certificate thereof given, the bail is exonerated.

"140.330 Substitution of bail for money. If money is deposited, as provided in ORS 140.310 or 140.320, bail may, *at any time before forfeiture of the deposit,* be given in the same manner as if it had been originally given upon the order for admission to bail, and the court or magistrate before whom the bail is taken shall thereupon direct, in the order of allowance, that the money deposited be

refunded by the clerk to the defendant, and it shall be refunded accordingly." (Emphasis ours.)

In *Rosentreter v. Clackamas County,* 127 Or 531, 533, 273 P 326, we held:

"The proceedings providing for bail and deposit of money in lieu thereof are statutory. The provisions for depositing money and for the return of that money upon surrender of the defendant are found in Or. L., Sections 1660 to 1666, inclusive [now ORS 140.310 to 140.340, inclusive, and ORS 140.410 to 140.440, inclusive], and in General Laws of 1923, Chapter 26. It is a general principle of law that officers authorized to take bail or money in lieu thereof must follow the statute. The same rule requires a defendant who has deposited money in lieu of bail and desires to either substitute bail or to surrender himself into custody to follow the statute. A third person who deposits money in lieu of bail for an accused must also follow the law in making said deposit or in surrendering defendant and claiming a return of the money so deposited. The third person is as much bound by the statute as are the accused and the officers whose duty it is to administer the law. * * *"

■ The deposit of cash with the clerk of the court *after the forfeiture,* in an effort to substitute the same in lieu of the undertaking previously given, was a nullity so far as it was an attempt to effectuate that result. It was money the clerk had no legal right to receive. It was money over which the circuit court obtained no control in the then pending criminal case against Culver. It was then and thereafter money belonging to the plaintiffs, first held by the clerk and later by the County, through its treasurer, for the use and benefit of the Taggarts.

The payment of the cash being a nullity as an

effective substitute for the undertaking of the Taggarts previously given, it left that undertaking and the obligations of the Taggarts unimpaired.

The general rule denying the recovery back of payments voluntarily made under a mistake of law does not apply when made to an officer of the court. *Morgan v. Jasper County,* 223 Iowa 1044, 274 NW 310, 111 ALR 634; *In re South Shore Co-op Ass'n.,* 23 F Supp 743 (DC WDNY), aff'd 103 F2d 336 (CCA); *Carpenter v. Southworth,* 165 F 428 (CA 2nd Cir); *Holderman v. Moore State Bank,* 383 Ill 534, 50 NE2d 741. This exception to the rule is one of general recognition. Restatement 190, Restitution § 46b; 70 CJS 364, Payment § 156(b); 40 Am Jur 860, Payment § 211; 3 Corbin, Contracts, 489 § 617; 3 Pomeroy, Equity Jurisprudence (5th ed), 321 § 851(a). The County Clerk when functioning as clerk of the circuit court is an officer of the court.

That plaintiffs have a right of action for restitution is indicated by *Salem v. Marion County,* 25 Or 449, 454, 36 P 163, where, in an action for money had and received, Mr. Chief Justice LORD, speaking for the court, declared:

"The principle that an obligation rests upon all persons, natural and artificial, to do justice, so that if a county obtain money or property of others without authority the law, independent of any statute, will compel restitution or compensation, is not questioned: *Chapman v. County of Douglas,* 107 U. S. 348, 2 Sup. Ct. 62. * * *"

The same principle was reiterated by Mr. Justice ROBERT BEAN in *Metschan v. Grant County,* 36 Or 117, 120, 58 P 80, also an action for restitution.

Affirmed.