NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, appellant, v.
ORA BUTLER et ux., appellees.

No. 52500.

(Reported in 152 N.W.2d 271)

JULY 11, 1967.

Gilbert, Stoddard & Anderson, of Oskaloosa, for appellant.

Vern M. Ball, of Bloomfield, for appellees.

BECKER, J.—In this case plaintiff insurance company seeks the return of funds paid to its insured defendants. Repayment is asked on the ground that the money was paid by mistake. The trial court sitting as trier of facts held that plaintiff had not proved its case and dismissed the cause. We affirm.

Defendants own a food locker plant in Keokuk County. Plaintiff had insured them against loss resulting from business interruption caused by certain perils including explosion. On October 4, 1963, ammonia gas escaped from one of the pipes in the plant, causing a five-week shutdown.

Defendants notified plaintiff promptly and plaintiff's adjustor, David Peterson, promptly visited the plant. Both parties agree that defendants showed him the source of the escaped gas which was at or near a junction of one of the pipes. The pipe had a crack in it. Mr. Peterson visited this source of trouble twice.

The adjustor testified that on the first visit he and defendants consulted an insurance policy from a different company which insured against loss from leakage of refrigerant gases. This additional policy was not offered in evidence. He then said: "As a result of my investigation, I made a determination as to whether coverage was afforded under National Fire Insurance Company policy. At the time I believed that since they had coverage for their other meat losses under this frozen food locker policy that our business interruption policy also was applicable."

Mr. Peterson acknowledged that defendants cooperated with him and did not in any way misrepresent to him the facts as to what happened. Mr. Peterson consulted the manager of the Ottumwa Branch of the General Adjustment Bureau to help him determine the amount of the loss. The defendants opened their books to the adjustors and eventually all agreed on $948 as the amount of the loss. This amount was paid and a release taken. The release was not introduced into evidence by either party but Mr. Peterson was allowed to testify that it did specify that it was a settlement of all claims from this particular occurrence against the company.

Defendant, Mr. Butler, testified to the fact that he did go over the other insurance policy with Peterson but both stated that the adjustor for that policy had already been there and determined that coverage was afforded. Mr. Peterson told defendants there would be coverage the first day he was there. Payment was made eight weeks later. The plant had been out of operation about five weeks.

In the interest of space we do not set forth the terms of plaintiff's policy but note the following facts in connection therewith:

1. Explosion is not defined.
2. Certain exclusions are made by stating that the following are not explosions within the policy, including.
   d) Water hammer.
   e) Rupture or bursting of water pipes.
   g) Rupture or bursting of pressure relief devices.
3. Rupture or bursting of pipes other than water pipes are not excluded.

I. Part of the court's finding of fact reads: "All facts and circumstances in question were known by Plaintiff's adjustor and he had the assistance of Plaintiff's Ottumwa Branch Manager, plus the cooperation of Defendants. There is no claim of fraud or misrepresentation and he made the determination of coverage and the amount due all on his own initiative."

In its conclusions of law the court held:

"2. Since all facts were known to Plaintiff's adjustors there is no basis for a finding there was a mistake of fact, and their determination that there had been an explosion within the meaning of the policy provisions and coverage of Defendants' business interruption loss was a determination of law question in a legal sense. This may have been a mistake of law but not a mistake of fact. Plaintiff did not sustain its burden of proof as to this point 1-a [i.e., to prove a "mistake of fact"]. The burden of proof under 1-b and 1-c become moot by reason of the holding under 1-a.

"3. The rule of law is well settled that, where money has been voluntarily paid with full knowledge of the facts, it cannot be recovered on the ground that the payment was made under a misapprehension of the legal rights and obligations of the person paying. 53 A. L. R. 949.

"4. Where payment was made by the insurer under a mistake of law, restitution will, as a rule, be denied."

The trial court's conclusions are in accord with prior pronouncements of this court. In Morgan v. Jasper County, 223

Iowa 1044, 274 N.W. 310, 111 A. L. R. 634, we quoted 48 C. J. 755, as follows:

"Except where it is otherwise provided by statute, it is held by the great preponderance of adjudged cases that, where one under a mistake of law, or in ignorance of law, but with full knowledge of all the facts, and in the absence of fraud or improper conduct upon the part of the payee, voluntarily and without compulsion pays money on a demand not legally enforceable against him, he cannot recover it back." That case was decided on other grounds and the citation might therefore be called obiter dicta, but the rule had been recognized as early as Murphy, Neal & Co. v. Creighton, 45 Iowa 179, 183, which states: " 'If a party, with full knowledge of all the facts in the case, voluntarily pays money in satisfaction or discharge of a demand unjustly made upon him, he cannot afterward allege such payment to have been made by compulsion and recover back the money * * *. In such case, if the party would resist the unjust demand, he must do so upon the threshold. The parties treat with each other on equal terms, and if litigation is intended by the party of whom the money is demanded, it should precede payment.' " 70 C. J. S., Payment, section 156, page 362; 40 Am. Jur., Payment, section 205, pages 856, 857.

Exceptions to the general rule have been recognized. Thus Morgan v. Jasper County, supra, at page 1046 of 223 Iowa, states: " 'The general rule denying recovery of payments made under a mistake of law does not apply to payments to an officer of the court, and such payments may be recovered; but payments made by such officers under a mistake of law are not recoverable.' " 70 C. J. S., Payment, section 156, page 364; 40 Am. Jur., Payment, section 211, page 860. So also payments made to or by public officials under mistake of law are recoverable. 70 C. J. S., Payment, section 156, page 365; 40 Am. Jur., Payment, sections 209, 210, pages 858, 859.

Further, this court has said in Burlingame v. Hardin County, 180 Iowa 919, 924, 164 N.W. 115, that "Courts are not inclined to apply the rule stringently except in cases coming clearly within its scope and effect, nor to so extend its application as to work clearly inequitable results."

II. We deal here with a petition which asks for restitution of money paid by mistake on a contract which has been partly or fully performed. The principles involved are the same as those involved where reformation or rescission of a contract is sought on grounds of mistake. 3 Corbin on Contracts, section 616, page 752. Restatement of the Law, Contracts, section 511, page 981, states: "Evidence Necessary for Avoidance. It is essential in order to obtain a decree rescinding or reforming a written conveyance, contract, assignment or discharge for mistake, that the facts necessary for the allowance of the remedy shall be proved by clear and convincing evidence and not by a mere preponderance." See Wallace v. Spray, 248 Iowa 100, 78 N.W.2d 406.

While plaintiff complains of the trial court's findings of fact in some particulars we think that the court's finding that plaintiff did not prove its case is correct. Essentially plaintiff urges that its adjustor failed to read the policy on which he made payment and that payment was therefore made by mistake. Plaintiff does not plead mistake of fact or mistake of law. It simply pleads mistake. The validity of the distinction may be questioned. This matter is disposed of for the purposes of this case in Division IV, but in any event a mistake of some kind must be proved.

Plaintiff's only witness, Mr. Peterson, did not say that he was ignorant of the contents of the policy issued by plaintiff. What he did say was that he did not examine that policy while visiting at defendants' place of business. The check was not written until some six weeks or more later. The trial court affirmatively found: "Since there is nothing in Plaintiff's policy about 'leakage' it seems naïve to believe plaintiff's adjustors did not know this fact and in light of the fact that the only peril covered in Plaintiff's policy applicable to the facts of this case is an explosion, the Court concludes and finds that Plaintiff's adjustors knew there was no provision covering 'leakage' in Plaintiff's policy and that they did in fact find there had been an explosion within the meaning of Plaintiff's policy and that Defendants were covered."

Nor does the record reveal that the policy that plaintiff did examine was different from that written by plaintiff. Mr. Peterson does not say so and the policy examined was never produced by either side.

There is also considerable question as to the applicability of the insuring agreement here to the facts occasioning the loss. The trial court did not attempt to interpret the policy nor do we. We do observe that rupture or bursting of water pipes were specifically excluded from the policy. It is not at all clear that under such language rupture of ammonia pipes was not intended to be included in the policy for failure to exclude such happening, where other similar exclusions are specifically mentioned.

There is not the required evidence here that there was a mistake. The trial court did not find a mistake of any kind, law or fact. We affirm his conclusion.

III. Plaintiff complains of certain findings by the court as being contrary to the evidence or having absolutely no evidential support. For instance, the court found that the adjustor called in plaintiff's Ottumwa branch manager, whereas the consultant was actually the branch manager of the General Adjustment Bureau, apparently an independent company. The record does not further identify the company for which the second adjustor worked. In complaint as to this feature plaintiff states: "This person was not an employee of plaintiff and did not assist plaintiff's adjustor in his determination of coverage." The record citation does not support these conclusions. The total record evidence in this connection reads: "The manager of the Ottumwa branch of the General Adjustment Bureau was called in to help me determine the amount of the loss."

As heretofore noted the trial court clearly indicated that it did not believe plaintiff's only witness on the major matters. As trier of the facts the court was justified in this conclusion. We do not extend this opinion to answer each of plaintiff's factual complaints individually. Under the surrounding facts developed here the court was not obliged to take Mr. Peterson's testimony as to how he determined liability as a verity. Kindred v. Crosby, 251 Iowa 198, 202, 100 N.W.2d. 20.

IV.· The main thrust of plaintiff's legal position, as distinguished from its quarrel with the court's factual findings, is that if this matter was not a mistake of fact, it was a mistake of law. Further, that a mistake of law should receive the same treatment as a mistake of fact. This would give rise to the rule that when money is paid under mistake it may be recovered back whether such mistake is one of law or fact. Citing Ficken v. Edward's, Inc., 23 Conn. Supp. 378, 183 A.2d 924; Restatement of Law of Restitution, section 48, as authority for this holding.

Because of our holding in Division II, we do not find it necessary to here determine the propriety of dispensing with the distinction between a mistake of law and a mistake of fact. We should note however that Restatement of the Law, Restitution, section 45 states: "Except as otherwise stated in sections 46–55, a person who, induced thereto solely by a mistake of law, has conferred a benefit upon another to satisfy in whole or in part an honest claim of the other to the performance given, is not entitled to restitution." Also that Notes on Restatement of Restitution (1937) reported by Seavey and Scott state as to rule 45 (at page 35):

"The courts of Connecticut and Kentucky are still alone in their rejection of the rule in toto. Georgia makes a distinction between ignorance and mistake. On the other hand, it would seem that the rule has been overstated and that in only two respects is there a difference from the rules which exist with regard to mistake of fact. There is no doubt, however, that there is a difference in these two respects.

"The cases are substantially unanimous in holding that, with some exceptions, money or other things transferred to another to satisfy a debt in response to an honest claim by the other in the belief that the other is entitled to them, cannot be recovered if the payment is made with the full knowledge of the facts."

Further reading indicates that some states have abolished the distinction by statute. 70 C. J. S., Payment, section 156 (Pocket Supplement, note 545).

As we have said, because of the factual findings by the trial

court we need not here decide the perplexing problem raised in this division. Other matters argued by appellant also become moot by virtue of the court's factual determinations. They have been considered but need not be discussed.—Affirmed.

All JUSTICES concur.